UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Robert Anderson**, <br><br> Plaintiff, <br><br> v. <br><br> **Captain Friedt Tower Services LLC**, an Ohio Limited Liability Company, and **Jason Friedt**, <br><br> Defendants. | No. <br><br> **COMPLAINT** |

Plaintiff, Robert Anderson ("Plaintiff"), sues the Defendants, Captain Friedt Tower Services LLC and Jason Friedt ("Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; Ohio Revised Code Ann. ("ORC") § 4111.01; and ORC § 4113.15 for Defendants' failure to pay Plaintiff all earned minimum wages and all earned wages.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek. See 29 U.S.C § 207.

3. ORC § 4111.01 establishes the law regarding minimum wage within the State of Ohio.

-1-

4. ORC § 4113.15 establishes the law regarding the payment of wages within the State of Ohio.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the Northern District of Ohio, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7. At all material times, Plaintiff is an individual residing in Summit County, Ohio, and is a former employee of Defendants.

8. At all material times, Defendant Captain Friedt Tower Services LLC is a limited liability company licensed to transact business in the State of Ohio. At all material times, Defendant Captain Friedt Tower Services LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Summit County, Ohio.

9. At all material times, Defendant Captain Friedt Tower Services LLC does business as "CF Towers"

10. At all relevant times, Defendant Captain Friedt Tower Services LLC was an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Captain Friedt Tower Services LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest Captain Friedt Tower Services LLC in relation to the company's employees, Defendant Captain Friedt Tower Services LLC is subject to liability under the FLSA.

11. Defendant Jason Friedt is an owner of Captain Friedt Tower Services LLC and was at all relevant times Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

12. Under the FLSA, Defendant Jason Friedt is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Jason Friedt is an owner of Captain Friedt Tower Services LLC. At all relevant times, Jason Friedt had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to the company's employees, Jason Friedt is subject to individual liability under the FLSA.

13. At all material times, Defendants Captain Friedt Tower Services LLC and Jason Friedt are Plaintiff's "employer" as defined by Ohio Revised Code § 4111, *et seq*.

14. At all material times, Defendants Captain Friedt Tower Services LLC and Jason Friedt are Plaintiff's "employer" as defined by Ohio Revised Code § 4113, *et seq*.

15. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

16. Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

17. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

18. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

19. Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

## **NATURE OF THE CLAIM**

20. Defendants own and/or operate as Captain Friedt Tower Services LLC, an enterprise located in Summit County, Ohio.

21. Defendants own and/or operate as CF Towers, a telecommunications company in Akron, OH.

22. Plaintiff was hired by Defendants and worked for Defendants as a cell phone climber during April and May 2020.

23. Defendants, in their sole discretion, agreed to pay Plaintiff $10.00 per hour for all hours he worked.

24. Plaintiff worked for approximately two months for Defendants.

25. During Plaintiff's employment with Defendants, he worked approximately 30 to 40 hours per week.

26. Defendants paid Plaintiff no wages whatsoever for the final two workweeks of his employment.

27. As a result of not having paid any wage whatsoever to Plaintiff for the final week of his employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

28. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

29. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated 29 U.S.C. § 206(a).

30. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4111.

31. As a result of Defendants' willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants have violated ORC § 4113.

32. Defendants have and continue to violate the FLSA by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

33. Defendants have and continue to violate ORC § 4111 by not paying Plaintiff the full applicable minimum wage for all hours worked during his regular workweeks.

34. Defendants have and continue to violate the ORC § 4113 by not paying Plaintiff any wage whatsoever for all hours worked during his regular workweeks.

35. Plaintiff is a covered employee within the meaning of the FLSA.

36. Plaintiff is a covered employee within the meaning of ORC § 4111.

37. Plaintiff is a covered employee within the meaning of ORC § 4113.

38. Plaintiff was a non-exempt employee.

39. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

40. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

41. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

42. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under §34(a) of Article II of the Ohio Constitution.

43. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, liquidated damages, interest, and attorneys' fees under ORC § 4113.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

44. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

45. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of his employment.

46. Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates the FLSA, 29 U.S.C. § 206(a).

47.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Robert Anderson, individually, respectfully request that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional equal amount as liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT TWO: OHIO REVISED CODE § 4111.01
### FAILURE TO PAY MINIMUM WAGE

48.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49.     Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of his employment.

50.     Defendants' practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violates ORC § 4111.01.

51.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Robert Anderson, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid minimum wages, plus an additional amount equal to twice the unpaid minimum wages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

### COUNT THREE: OHIO REVISED CODE § 4113
### FAILURE TO PAY WAGES OWED

52. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

53. Defendants willfully failed or refused to pay Plaintiff any wages whatsoever for any of the hours that Plaintiff worked for them during the final two workweeks of his employment.

54. Defendants' practice of willfully failing to pay Plaintiffs wages for labor performed violates ORC § 4113.

55. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Robert Anderson, individually, respectfully requests that the Court grant relief in Plaintiff's favor, and against Defendants for compensation for unpaid wages, liquidated damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this 26th Day of August, 2020.

        BENDAU & BENDAU PLLC

        By: /s/ *Clifford P. Bendau, II*
        Clifford P. Bendau, II (OH No. 0089601)
        Christopher J. Bendau
        BENDAU & BENDAU PLLC
        P.O. Box 97066
        Phoenix, Arizona 85060
        Telephone AZ: (480) 382-5176
        Email: cliffordbendau@bendaulaw.com
              chris@bendaulaw.com

        THE LAW OFFICES OF SIMON & SIMON

        By: /s/ *James L. Simon*
        James L. Simon (OH No. 0089483)
        6000 Freedom Square Dr.
        Independence, OH 44131
        Telephone: (216) 525-8890
        Facsimile: (216) 642-5814
        Email: jameslsimonlaw@yahoo.com